UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS C. DYKES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-4934** |
| **SHELL OIL COMPANY, ET AL.** | **SECTION: "B" (4)** |

### ORDER

Before the Court are Defendants, John W. Stone Oil Distributor, L.L.C., Shell Oil Company, Shell LP, and Delta Terminal Services's (collectively "Defendants") **Motion for More Definite Statement by Stone Oil (R. Doc. 22), Motion for More Definite Statement by Shell Oil Company (R. Doc. 24),  Motion for More Definite Statement by Delta Terminal Services (R. Doc. 25)** seeking an order compelling Plaintiffs, Thomas C. Dykes, and Johnnie Dykes (collectively "Plaintiffs") to make a more definite statement of its claims against Defendants, including but not limited to products liability, negligence, punitive damages, and fraud claims.  *Id.*  The motion was opposed.  (R. Doc. 32).  The underlying motion was heard by oral argument on September 4, 2013.

### I.     Background

Thomas Dykes ("Plaintiff") filed this complaint against the above named Defendants, as well as GATX Corporation (collectively "Defendants") on June 27, 2013.  (R. Doc. 1).  Plaintiff alleges that he was a crane and equipment operator, performing construction and turnarounds for various construction and service companies from January 1972 through 2012.  *Id.* at 3.

While working as a crane operator, Plaintiff alleges that he was exposed to high levels of benzene while he repaired or replaced equipment, performed turnarounds, and worked on new construction jobs at the defendants' facilities. *Id.* Plaintiffs allege that from 1972-2012, Defendants were "manufacturers, distributors, sellers, suppliers, or large industrial consumers of benzene or benzene-containing products." *Id.*

On July 13, 2012, Mr. Dykes alleges that he was diagnosed with myelodysplastic syndrome due to his occupational exposure to benzene and benzene-containing products while working at Defendants' facilities and products. *Id.* at 3-4. Myelodysplastic syndrome is a malignant disease that affects the blood and bone marrow. *Id.* at 5.

Specifically, Plaintiff alleges that Defendants knew or should have known of the health hazards of the products they manufactured, sold, distributed, etc., and that the actions or inactions of the defendants' constitute gross negligence and demonstrate a reckless disregard for the rights and safety of others. *Id.* at 7-14. Furthermore, Plaintiff alleges that Defendants' committed numerous tortuous acts that include, without limitation, negligently misrepresenting, concealing, suppressing, and omitting material information about the health effects of benzene and precautionary measures in regard thereto. *Id.*

As to the instant motions, Plaintiff alleges that "Defendants" products are the direct and proximate cause of Plaintiff's injuries, "including but not limited to, myelodysplastic syndrome; physical damage, severe physical and mental pain, fear of further disease processes, disability, medical expenses, and loss of enjoyment of life." *Id.* at 4. Defendants have filed the instant motions for more definite statement pursuant to Rule 12(e), and or in the alternate, to dismiss plaintiffs' claims. The motions are opposed. (R. Doc. 32).

Specifically, Stone Oil alleges that "plaintiffs have failed to allege a single fact to put [them]

on notice of the claims [for products liability, negligence and fraud claims] against it." (R. Doc. 22). Similarly, Shell moves this Court to compel plaintiffs to amend their complaint pursuant to Rule 12(e) "as the [claims] are impermissibly vague and ambiguous," to amend pursuant to Rule 9(b) "for failure to provide sufficient factual allegations" and for failure to plead fraud with particularity. (R. Doc. 24). Lastly, Delta alleges that "plaintiffs have failed to allege a single fact to put [it] on notice of the claims [products liability, negligence, fraud and punitive damage] alleged against it." (R. Doc. 25). The motions are opposed. (R. Doc. 32).

## II.     Standard of Review

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague, ambiguous [or unintelligible] that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Although Rule 12(e) motions are available as a remedy, motions for more definite statements are generally disfavored because "of the liberal pleading standard set forth in Rule 8." *Cousin v. Small,* No. 00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000). Rule 8 simply calls for a "short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. *Dubuque Barge & Fleeting Serv., Inc., v. Plaquemines Parish Gov.,* No. 10-0516, 2010 WL 1710372 at *2 (E.D. La. April 23, 2010); *citing Acker v. Bishop,* No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.,* 173 F.3d 946, 951 (5th Cir. 1999)(reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully

3

invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Dubuque,* 2010 WL 1710372 at \*2; *Blum v. Roberts,* No. 06-2307, 2006 WL 2135457, at \*2 (E.D. La. Jul. 28, 2006). Therefore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.* Importantly, a party may not use a Rule 12(e) motion as a substitute to discovery. *Who Dat Yat Chat, LLC v. Who Dat, Inc.,* No. 10-1333 c/w 10-2296, 2012 WL 2087438 (E.D. La. June 8, 2012); *see also Gibson v. Deep Delta Contractors, Inc.,* No. 97-3791, 2000 WL 28174, at \*6 (E.D. La. Jan. 14, 2000).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

### III.  **Analysis**

Defendants argue that Plaintiffs claims should be amended in accordance with Rule 12(e) for "failing to plead a single fact to put [them] on notice" of the claims against it. (R. Doc. 22, 24, 25). Specifically, Defendants contend that Plaintiffs' complaint alleges that "from 1972-2012, [d]efendants were manufacturers, distributors, sellers, suppliers, or large industrial consumers of benzene or benzene-containing products," but fails to identify which claims are being asserted against which defendants and under what theory of recovery. *Id.*

Furthermore, Defendants argue that because of the vague allegations, Plaintiff does not establish "proximate causation" so as to specify which Defendants' were actual manufacturers to establish their product liability claims, which products Defendant's allegedly manufactured, where,

when or how each of the Defendant's alleged manufacturing of these products contributed to the plaintiff's injuries. (R. Doc. 22-1, R. Doc. 24-1, p.3, 5-17).

Lastly, Defendants argue that Plaintiffs complaint alleges fraudulent conduct, but fails to plead fraud with the specificity required by Federal Rules of Civil Procedure 9(b). (R. Doc. 22-1, p. 5-6). Defendants argue that Plaintiff's complaint fails to state with specificity the fraud claims asserted against it each individual defendant. Stone and Shell, see infra, contend that Plaintiff alleges Defendants "willfully withheld knowledge of the health dangers from exposure to benzene," generally and lump all five defendants conduct together, providing no specific conduct or action taken on the part of the individual defendant, or that supports a factual basis for its conclusory allegations. (R. Doc. 24-1, 25-1).

Defendants argue that even if the relaxed standard of "passive fraud" or "fraud by silence"is applied, plaintiff lumps all the defendants conduct together as improper, and alleges "general allegations" that are "extremely overbroad." (R. Doc. 22-1, p. 5 - 6); *see Bishop v. Shell Oil Co.*, No.07-2832, 2008 WL 57833, at *1-3 (E.D. La. Jan. 3, 2008). Stone Oil contends that if Plaintiffs' complaint is not amended to provide information as to the specific conduct of each defendant, "the who, what, when and where . . . before discovery is granted," Plaintiffs' complaint should be dismissed, as anything less "fails to provide defendants with adequate notice of the nature and grounds of the claim." *Williams*, 112 F.3d at 178; *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

In opposition, Plaintiffs contend that Defendants (collectively) are misreading Supreme Court case law, and that it has satisfied Rule 8 pleading requirements, by providing Defendants with notice of the "general nature of the claims against them." (R. Doc. 32, p. 3). Plaintiffs also contend that their

Complaint did give proper notice to defendants, as they are all "allegedly the manufacturers, distributors, sellers, suppliers, or large industrial consumers of benzene or benzene containing products." *Id.*

Rule 8 requires a party provide a "short and plain statement" of the claim showing that the pleader is entitled to relief, so as to give the opposing party notice of the claims, and provide an adequate opportunity to respond to said claims. *Dubuque,* 2010 WL 1710372 at *2; Fed. R. Civ. P. 8(a). Only if a pleading is unintelligible or so vague or ambiguous that ascertaining the relief is unduly prejudicial to the defendant, is a Rule 12(e) motion for more definite statement appropriate. *Coleman v. H.C. Price Co.,* No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. April 3, 2012).

"Notice pleading and not fact pleading, as in state court, is all that is required under the Federal Rules of Civil Procedure." Simoneaux v. Jolen Operating, Co., No. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004). The United States Supreme Court has emphasized the liberality and broad interpretation of pleadings under Rule 8, so as not to require "hypertechnical code-pleadings." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). However, even though "a complaint does not need 'detailed factual allegations . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

After considering the arguments of the parties, the Court finds that as written, Plaintiffs' Complaint does not give Defendants adequate notice of the circumstances leading to Dykes' claim. As stated in *Bitte v. United Cos. Lending Corp*., Plaintiffs Verret should "briefly explain [the] who, what, when, where, why, and how" of each Defendant's wrongdoings, and how these alleged wrongdoings led to Dykes' illness, and the extent of the injuries resulting from this illness. *See Verret*

*v. North Star Marine, LLC,* No. 09-3442, 2009 WL 3614502, at *2 (E.D. La., Oct. 28, 2009); *citing Bitte v. United Cos. Lending Corp.,* No. 06–5648, 2006 WL 3692754, at * 1 (E.D. La. Dec. 11, 2006). Furthermore, it is not clear from the complaint which products contained and caused the benzene related illness, the time frame for which Plaintiff was exposed to those products, which Defendant allegedly caused the exposure to the products containing benzene, and which Defendants were manufacturers versus sellers or distributors of benzene containing products. Therefore, the Court finds that Plaintiffs' should amend their complaint pursuant to Rule 12(e).

Accordingly,

**IT IS ORDERED** that Defendants, John W. Stone Oil Distributor, L.L.C., Shell Oil Company, Shell LP, and Delta Terminal Services's (collectively "Defendants") **Motion for More Definite Statement by Stone Oil (R. Doc. 22), Motion for More Definite Statement by Shell Oil Company (R. Doc. 24), Motion for More Definite Statement by Delta Terminal Services (R. Doc. 25)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs, Thomas C. Dykes and Johnnie Dykes, ("Plaintiffs")  amend their complaint no later than **fourteen** days of this written order.

New Orleans, Louisiana, this 12th day of September 2013.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**